## B. Antognini v. Charles R. Railey & Co.

Injunction of sale by Sheriff, under defendants' execution against J., of three billard tables claimed by plaintiff under a private writing, which, after reciting the sale to J. by plaintiff, of the billiard tables, says, "it is further understood by the parties that those billiard tables will be the property of *B. Antognini*, until the payment of those notes" (the price). *By the Court :* This private writing had no date as to third persons—at least no date prior to that of its filing in this suit— and the plaintiff should have proved not only the signature of the document, but that it was made at the date which it bears. The defendants had acquired a lien upon these billiard tables, by their seizure before this suit was brought.

The plaintiff, as vendor, had no right to enjoin the Sheriff's sale. He had only the right to claim the price, in virtue of the privilege of vendor, by third opposition.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Magne*, for plaintiff and appellant. *H. & J. A. Gaither*, for defendants.

BUCHANAN, J. The plaintiff sues for three billiard tables, seized by defendants, in execution of their judgment against one *Judd*, and in *Judd's* possession.

Plaintiff alleges that he sold those billiard tables to *Judd*, for the price of nine hundred and fifty dollars, in two notes, at ninety days and six months. Before the first of these notes fell due, the billiard tables were seized by the Sheriff, under defendants' execution; and plaintiff claims the possession and ownership of them under a private writing filed with his petition, in which the sale of the billiard tables is recited, and it is further stipulated as follows : " It is understood by the parties, that those billiard tables will be the property of *B. Antognini*, until final payment of those notes."

Plaintiff enjoined the Sheriff's sale upon this showing. The court below admitted this document in evidence, notwithstanding the opposition of the defendants, upon the simple evidence of the signature of *Judd* to the private writing filed with the petition.

We think the court erred. This private writing had no date as to third persons—at least, no date prior to that of its filing in this suit—and the plaintiff should have proved not only the signature of the document, but that it was made at the date which it bears. The defendants had acquired a lien upon these billiard tables by their seizure before this suit was brought.

The plaintiff, as vendor, would have had no right to enjoin the Sheriff's sale. He had only the right to claim the price, in virtue of the privilege of vendor, by third opposition. The suspensive condition of the sale upon which plaintiff relies, is not made out by sufficient evidence.

Judgment affirmed, with costs.